NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| K.J.P., a minor, individually, by and through their mother, Loan Thi Minh Nguyen; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> WILLIAM GORE, San Diego Sheriff; et al., <br><br> Defendants. | No. 19-55527 <br><br> D.C. No. 3:15-cv-02692-H-MDD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted March 31, 2020**
Pasadena, California

Before: MURGUIA and MILLER, Circuit Judges, and STEEH,*** District Judge.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable George Caram Steeh III, United States District Judge

The County of San Diego, the San Diego County Sheriff's Department, and individual Sheriff's deputies (collectively, "Defendants") appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. We dismiss for lack of appellate jurisdiction.

1.      This Court has jurisdiction over a district court's denial of summary judgment based on qualified immunity "only to the extent 'the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). "In an interlocutory appeal challenging the denial of qualified immunity, we must construe the facts in the light most favorable to the plaintiff." *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020); *Ames v. King Cty.*, 846 F.3d 340, 343 n.1 (9th Cir. 2017) ("Where the details are disputed, we rely on [plaintiff's] account as the non-moving party for purposes of our review.").

2.      On appeal, Defendants failed to present all relevant facts in the light most favorable to the Plaintiffs. Where a defendant "ha[s] not advanced an argument as to why the law is not clearly established that takes the facts in the light

for the Eastern District of Michigan, sitting by designation.

most favorable to [the plaintiff] . . . [w]e will not 'do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support.'" *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (citation omitted) (quoting *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012)). To the extent that Defendants challenge the district court's determination that disputed facts precluded summary judgment on whether the decedent, Lucky Phounsy, was a threat to officers, or whether officers failed to take steps to monitor Phounsy's breathing, we lack appellate jurisdiction to address those purely factual disputes. *See Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). And to the extent Defendants seek to challenge the district court's holding that clearly established law protected Phounsy's rights, Defendants waived those arguments by failing to advance an argument that the law was not clearly established that takes the facts in the light most favorable to the Plaintiffs. *See George*, 736 F.3d at 837.

**DISMISSED FOR LACK OF JURISDICTION.**